SALVATION ARMY IN UNITED STATES v. AMERICAN SALVATION ARMY.

(Supreme Court, Special Term, New York County.   April 4, 1910.)

CORPORATIONS (§ 49*)—INFRINGEMENT OF NAME—ACTION—LACHES.

A suit by a corporation to enjoin another corporation from using certain words as a part of its corporate name was not barred by laches, where defendant came into the state in September of one year, and suit was not brought until November of the following year.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 137; Dec. Dig. § 49.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Salvation Army in the United States against the American Salvation Army. Judgment for plaintiff.

See, also, 135 App. Div. 268, 120 N. Y. Supp. 471.

Frederick W. Garvin (D. Cady Herrick and George C. Lay, of counsel), for plaintiff.

Wilson Lee Cannon, for defendant.

DAYTON, J.   While the minutes of this trial are three times in excess of the number of pages of the trial before Mr. Justice O'Gorman, the substantive facts remain no more favorable to defendant's contention than shown on the first trial.   It clearly appears that Pedden was not the accredited successor of the founder of the American Salvation Army.   At Middletown, Pa., he could not or did not on demand produce the required evidence of his authority so to act.   Such following as he then had scattered.   Some of them there organized under the leadership of Gen. Duffin, who doubtless is sincere in the laudable work he is doing in the name of the American Salvation Army.   But the testimony and exhibits here must be applied to and governed by the opinion and decision of the Appellate Division in this case (135 App. Div. 268, 120 N. Y. Supp. 471), to wit:

"It is so clear as to hardly justify discussion that the purpose of the defendant in assuming the names 'American Salvation Army' for its organization and the 'American War Cry' for its paper, and its adoption of the military titles and the uniforms, and its whole scheme of procedure was to take advantage of the long established and widespread public knowledge of the Salvation Army, and to receive for itself whatever benefit might flow therefrom."

There is some evidence to the effect that defendant came into this state about September, 1906, instead of April, 1907, as found on the former trial; but this difference in time is not sufficient to charge plaintiff with laches.   A careful review of the record and briefs submitted leads to the conclusion that the decision of the Appellate Division (supra) is controlling upon the issues tried before me, and that plaintiff must have judgment.

Submit findings and decision on notice.